UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID F. YANEZ,<br><br>       Plaintiff,<br><br> v.<br><br>PIERCE COUNTY JAIL, *et al*.<br><br>       Defendants. | Case No. C22-5414-JHC-MLP<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff David Yanez has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint and the balance of the record, concludes that Plaintiff has not stated a viable claim for relief in this action. This Court therefore recommends that Plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. DISCUSSION

On June 7, 2022, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. Plaintiff was at that time confined at the Pierce County Jail where he was

REPORT AND RECOMMENDATION - 1

awaiting trial on unspecified criminal charges.[1] (*See* dkt. # 7 at 2.) Plaintiff alleged in his complaint multiple violations of his First, Sixth, Eighth, and Fourteenth Amendment rights relating to the conditions of his confinement at the Pierce County Jail and to his ongoing state court criminal proceedings. (*See id*. at 4-13.) Plaintiff also alleged violations of rights protected by the Health Insurance Portability and Accountability Act ("HIPAA"). (*See id*. at 13-14.)

Plaintiff identified the following nine Defendants in his complaint: (1) the Pierce County Jail; (2) the Pierce County Jail's "Chief Jackson"; (3) Pierce County Jail Employee "Jones"; (4) Pierce County Jail "Subordinates." (5) the Pierce County Sheriff's Office; (6) Pierce County Sheriff's Office "Subordinates"; (7) Naphcare; (8) Pierce County "Medical" John Slothower; and (9) Pierce County Jail "Medical Subordinates." (Dkt. # 7 at 3.) Plaintiff requested as relief that his criminal cases be reduced to probation or vacated, that issues at the Pierce County Jail be addressed and remedied, and that he be awarded monetary damages in the amount of $750,000. (*Id*. at 14-15.)

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not stated any viable claim for relief in his pleading. Thus, on August 26, 2022, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies. (Dkt. # 8.) Among the deficiencies noted therein were that Plaintiff had identified some improper Defendants and that he had not adequately alleged a cause of action under § 1983 as to the potentially viable Defendants named in the complaint. (*See id*. at 7-8.) The Court also noted that review of Plaintiff's claims pertaining to his underlying state

---

[1] Plaintiff has since been transferred into the custody of the Washington Department of Corrections. *See* https://www.doc.wa.gov/information/inmate-search/default.aspx (last accessed October 25, 2022).

REPORT AND RECOMMENDATION - 2

court criminal proceedings was barred under the *Younger* abstention doctrine.[2] (*Id*. at 8-9.) Finally, the Court noted that Plaintiff failed to set forth any plausible conditions of confinement claims in his complaint and that his HIPAA claim was not viable because HIPAA does not provide a private right of action. (*Id*. at 10-11.)

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend that the action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). To date, Plaintiff has filed no amended complaint. Because Plaintiff failed to state any viable claim for relief in his original complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

### III.  CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state any claim upon which relief may be granted under § 1983. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

### IV.  OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

---

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

REPORT AND RECOMMENDATION - 3

your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 18, 2022**.

DATED this 26th day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4